# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJUANITA RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FORD MOTOR COMPANY *et al.*,<br><br>　　　　Defendants. | Case No. 5:22-cv-01056-SSS-MAAx<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 9]** |

Before the Court is Plaintiff Sanjuanita Rodriguez's ("Plaintiff") Motion to Remand ("Motion"). [Dkt. 9].

Plaintiff originally filed this action in San Bernadino County Superior Court on August 31, 2021. On June 27, 2022, Defendant Ford Motor Company ("Defendant" or "FMC") filed a Notice of Removal in this Court. It asserts that federal jurisdiction over this matter is proper under 28 U.S.C. §1332 (a)(1), which provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." [Dkt. 1 at ¶ 3]. On July 29, Plaintiff filed the instant Motion opposing removal.

Plaintiff does not contest that there is complete diversity between the parties. She argues only that Defendants have not demonstrated a sufficient amount in controversy to establish federal jurisdiction. Defendant maintains that it is clear from the face of Plaintiff's Complaint that she seeks more than $75,000 in damages. [*Id*. at ¶ 8]. In the alternative, Defendant argues that it has provided sufficient extrinsic evidence to demonstrate that the damages Plaintiff has alleged, if awarded, would more than likely exceed this jurisdictional minimum. [*Id*. at ¶ 9-20].

Plaintiff also submits two Requests for Judicial Notice ("RJNs") [Dkt. 10, 15] in connection with her Motion, as well as an Evidentiary Objection to the Declaration submitted by Defendant's attorney Michael Mortenson in support of Defendant's Notice of Removal [Dkt. 1-1]. [Dkt. 14-1]. Defendant has requested the Court take judicial notice of one exhibit filed with its Notice of Removal. [Dkt. 12 at 9 n.1; Dkt. 12-1 at ¶ 5].

The Motion is fully briefed. [Dkt. 12, 19]. After considering the papers, the Court finds it appropriate for resolution without a hearing. *See* Fed. R. Civ.

P. 78; L.R. 7-15. For the reasons set forth below, Plaintiff's Motion is DENIED.

## FACTUAL BACKGROUND

In February 2017, Plaintiff purchased a Ford Fusion (the "Vehicle") from car dealership Sunland Ford. The Vehicle was manufactured and distributed by FMC. [Dkt. 1-2 at ¶ 4, 5, 9].

Plaintiff alleges that, during the Vehicle's warranty period, it began to exhibit defects that "substantially impair[ed] [its] use, value or safety[.]" [*Id.* at ¶ 11]. She returned the Vehicle to Sunland Ford or another in-state agent of FMC (the Complaint does not specify) who has not successfully repaired the Vehicle, provided a replacement, or offered either restitution or any other remedy. [*Id.* at ¶ 12].

Thereafter, Plaintiff filed a Complaint in San Bernadino Superior Court. *See Sanjuanita Rodriguez. v. Ford Motor Co., et al.,* Case No. CIVSB2125348. She brought seven total Causes of Action against FMC and Sunland Ford. Five of the seven arise under California's Song-Beverly Consumer Warranty Act, which allows "any buyer of consumer goods who is damaged by a failure to comply with any obligation under [the Act] or under an implied or express warranty or service contract [to]… bring an action for the recovery of damages and other legal and equitable relief." Cal. Civ. Code § 1794. Plaintiff seeks relief including actual damages, civil penalties of double her actual damages as authorized under Cal. Civ. Code § 1794(c) and/or (e), and attorney's fees. [Dkt. 1-2 at ¶ 13-17, 21-25, 29, 34, 48].

On May 27, 2022, Plaintiff dismissed Sunland Ford from the suit. [Dkt. 1-5]. Defendant filed its Notice of Removal with this Court one month later. [Dkt. 1].

///

///

## LEGAL STANDARD

A defendant may remove any civil action over which the federal district courts enjoy subject matter jurisdiction. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 7-8 (1983). It must remove to the district court for the district and division embracing the location where the state court action is pending. *Id.*, see also 28 U.S.C. § 1441.

Any defendant asserting diversity jurisdiction as the basis for removal must demonstrate that (1) no defendant is a citizen of the same state as any plaintiff and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332(a).

"[T]he amount in controversy ... is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018). This includes any compensatory or punitive damages alleged as well as any attorneys' fees that may be awarded under fee shifting statutes but does not encompass other "costs" of litigation or prejudgment interest. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016).

Importantly, the amount in controversy is "not a prospective assessment of [a] defendant's liability," *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Rather, it is the amount plaintiff places at issue in her complaint. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016). This means that a court conducting an amount-in-controversy inquiry should not deduct from plaintiff's demand any possible reductions defendants might achieve by asserting available defenses to her claims. *See Geographic Expeditions, Inc. v. Estate of Lhota ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010).

Where a plaintiff moves to return a removed action to state court on the grounds that the amount in controversy is not more than $75,000, defendant's burden in successfully resisting remand will vary depending on how plaintiff has drafted the underlying complaint. *Guglielmino v. McKee Foods* Corp., 506 F.3d 696, 698-99 (9th Cir. 2007). If the complaint alleges, "on its face," a sufficient amount in controversy, defendant's burden is presumptively satisfied unless it appears to a "legal certainty" that the plaintiff cannot actually recover that amount. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

If it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," a "preponderance of the evidence standard" will apply. *Guglielmino*, 506 F.3d at 699, citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The amount-in-controversy inquiry will not be "confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Rather, both sides may "submit proof," which may include "summary-judgment-type evidence." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *see also Chavez*, 888 F.3d at 416. The court then considers each parties' evidence, the complaint, and the removal petition to determine if defendant has established that it is "more likely than not" that the amount placed in controversy satisfies the jurisdictional requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## DISCUSSION

**A. Requests for Judicial Notice and Plaintiff's Evidentiary Objections.**

Plaintiff requests judicial notice of ten remand orders issued in 'lemon law' cases similar to, although distinguishable from, her own. [Dkt. 10, Dkt. 15]. Although Plaintiff does not discuss the purposes for which she proposes

these materials be noticed, she has presumably offered them as examples she wishes this Court to follow.

Rule 201 is a "means of establishing facts that are not reasonably subject to dispute, not legal principles." *Derum v. Saks & Co.*, 95 F. Supp. 3d 1221, 1224 (S.D. Cal. 2015). A federal court may consider the reasoning and conclusions of other federal courts without relying upon Rule 201. *See McVey v. McVey*, 26 F. Supp. 3d 980, 984-85 (C.D. Cal. 2014). The Court denies Plaintiff's requests for judicial notice of these documents, although it may consider them for whatever weight they may have as non-binding precedent.

Plaintiff also objects to portions of a Declaration submitted by Defendant's attorney concerning his estimate of the attorney's fees Plaintiff may be awarded if she prevails in this case. [Dkt. 14-1]. As set forth in greater detail below, Defendants have adequately established a sufficient amount-in-controversy based on actual and punitive damages alone. Because the instant Motion is resolved without considering the Declaration, it is unnecessary to rule upon Plaintiff's objections to it and the request is denied. *See Meador v. Pleasant Valley State Prison*, 312 F. App'x 954, 956 (9th Cir. 2009). ("Judicial notice is inappropriate where the facts to be noticed are irrelevant.").

Finally, Defendant requests that this Court take judicial notice of the Sales Contract for Plaintiff's Vehicle. [Dkt. 12 at 9 n.1; Dkt. 12-1 at ¶ 5]. But the only information contained in the Sales Contract relevant in deciding this Motion is the price Plaintiff paid for the Vehicle, and Plaintiff has already provided this information in her Complaint. [Dkt. 12-2]. As the underlying pleadings and exhibits attached thereto may be considered in connection with a motion to remand without need for judicial notice and no other information contained in the contract is necessary to address this matter, Defendant's request is also denied.

### B. Plaintiff's Motion for Remand.

Because federal courts' jurisdiction is limited, it is the responsibility of any court to which an action is removed to determine whether *all* prerequisites for jurisdiction are met – not only those aspects that the parties may dispute. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018). The Court begins by noting that complete diversity exists between the parties: Plaintiff is an individual residing in California, while Defendant is a corporation organized in Delaware and whose principal place of business is in Michigan. [Dkt. 1-2 at ¶ 2, 4]. The remaining question, and the basis for this Motion, is whether 28 U.S.C. §1332 (a)'s amount-in-controversy requirement is satisfied.

In its Notice of Removal, Defendant first argues that it is clear from the face of Plaintiff's Complaint that she has alleged an amount in controversy exceeding $75,000.

Only once does the Complaint provide a specific dollar amount of damages owed. In Plaintiff's First Cause of Action, she alleges that Defendant failed to meet its obligations to repair, replace, or provide restitution for the unusable Vehicle as required by Cal. Civ. Code §1739.2(d) and §1739.1(a)(2). [Id. at ¶ 13]. In the next line, she asserts that she "suffered damages in a sum to be proven at trial in an amount not less than $25,001.00." [Id. ¶ 14]. Then, after identifying this quantity of "damages" owed, Plaintiff contends that Defendant's failure to comply with its obligations under the Song-Beverly Act was "willful," such that "Plaintiff is entitled to a civil penalty of two times [her] actual damages" pursuant to Cal. Civ. Code §1794(c), or in the alternative, an equivalent civil penalty under §1794(e). [Id. at ¶ 15-17].

Defendant's position is that this portion of Plaintiff's Complaint should be understood to mean that she has pled no less than $25,001.00 in *actual* damages. It then reasons that this figure, combined with Song-Beverly Act's

civil penalties of double Plaintiff's actual damages, would cross the $75,000 minimum threshold. [Dkt. 1 at 4].

Plaintiff insists that Defendant misunderstands her allegations. She now seeks to "clarify" that "damages," as used in the context described above, was meant to include not only actual damages but also civil penalties, attorneys' fees, and punitive damages. [Dkt. 9-3 at 13].

Both Plaintiff and Defendant find support for their respective interpretations in recent, albeit unpublished, decisions within this district. Faced with pleadings virtually identical to those at issue here, some courts in the Central District have agreed that "damages" could plausibly refer to both actual damages and other monetary remedies sought such that the amount in controversy cannot be readily determined from the face of the complaint. *See Mahlmeister v. FCA US LLC*, No. 21-00564, 2021 WL 1662578 (C.D. Cal. Apr. 28, 2021); *Edwards v. Ford Motor Company*, 16-05852, 2016 WL 6583585 (C.D. Cal. Nov. 4, 2016). But others have reasoned that where Plaintiff alleges she has "suffered damages in a sum to be proven at trial in an amount not less than $25,001.00," and separately seeks "a civil penalty of two times Plaintiff's actual damages," she necessarily "put[s] more than $75,000 in controversy" such that Defendant's burden is presumptively satisfied. *Coronel v. Ford Motor Company*, No. 19-09841, 2020 WL 550690 at *6 (C.D. Cal. Feb. 4, 2020); *see also McDonald v. BMW of N. Am., LLC*, No. 17-2011, 2017 WL 5843385 (S.D. Cal. Nov. 28, 2017).

While this Court is reluctant to reward Plaintiff's imprecise drafting, it acknowledges that there is precedent in this jurisdiction supporting her position. As the Ninth Circuit requires that "any doubt about the right of removal" be resolved "in favor of remand," *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009), it finds that Defendant must satisfy the more demanding preponderance standard in order to defeat Plaintiff's Motion.

Nevertheless, Defendant *has* met this heightened burden. Plaintiff's Complaint explicitly seeks both actual damages and punitive damages equal to double the actual damages awarded. Under the Song-Beverly Act, actual damages are calculated based upon the "amount equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). In claims under the Act concerning a consumer vehicle, this requires multiplying "the price of the vehicle the buyer paid or will pay by a fraction—the denominator is 120,000, and the numerator is the number of miles the buyer drove the car before the first relevant repair." *Mullin v. FCA US, LLC,* No. 20-2061, 2020 WL 2509081 at *2 (C.D. Cal. May 14, 2021).

The Sales Contract that Plaintiff included as an exhibit to her Complaint reflects a contract price of $30,178.84. [Dkt. 12-2]. Defendant's counsel represents in his sworn declaration that, based upon his review of Plaintiff's allegations and the repair records provided by FMC and Sunland Ford, the Vehicle had been driven 8,971 miles at the time it was first brought into a dealership for a defect alleged in the Complaint. [Dkt. 12 at 20; Dkt. 12-1 at ¶ 6]. Identifying this mileage as the appropriate 'numerator' for the formula set forth in the Song-Beverly Act, Defendant then estimates Plaintiff's actual damages to be $26,339.42.

Plaintiff's assertion that Defendant identified the first relevant repair "arbitrarily," and that it failed to provide "*any evidentiary basis*" for its calculation of actual damages, both disregards the evidence Defendant has in fact provided and overstates Defendant's burden at this stage of the proceedings. [Dkt. 9-3 at 15-16]; *see Treuhaft v. Mercedes-Benz*, No. 20-11155, 2021 WL 2864877 at *2 (C.D. Cal. July 26, 2021) (a "plaintiff opposing removal" cannot successfully mount a "factual attack" on the removing defendant by "simply demanding evidence from [it]."). To avoid remand, Defendant need only set

1  forth "underlying facts" demonstrating that it is more likely than not that the
2  plaintiff has placed more than $75,000 in controversy. *Coleman v. Estes*
3  *Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010). It is "*not*
4  obligated to research, state, and prove the plaintiff's claims for damages." *Id.*
5  (internal citations omitted, emphasis in original). Defendant has adequately
6  demonstrated that Plaintiff has alleged about $26,000 of actual damages in her
7  Complaint.
8      These actual damages, plus the civil penalties Plaintiff seeks, together
9  exceed the minimum amount in controversy. Plaintiff insists that the potential
10 penalties should not be included in this calculation because Defendant has failed
11 to provide evidence that she is likely to prevail on the claims that would entitle
12 her to punitive damages. [Dkt. 9-3 at 19]. But this argument misrepresents the
13 relevant law. The Ninth Circuit has made clear that the amount in controversy
14 encompasses the "maximum recovery the plaintiff could reasonably recover."
15 *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (internal
16 citation omitted). Defendant has identified this maximum based upon its
17 estimate of actual damages. It need not also prove that Plaintiff is likely to *win*
18 civil penalties – only that it is not legally impossible that they will be awarded
19 to her. *See, e.g., Brooks v. Ford Motor Company,* No. 20-302, 2020 WL
20 2731830 at *2 (C.D. Cal. May 26, 2020). Certainly, Defendant has done as
21 much here.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **DENIED**. This case will remain on this Court's calendar. The hearing on this Motion and the Scheduling Conference currently set for the same date have been vacated. [Dkt. 16, 17]. The Court will issue a Scheduling Order based upon the parties' Rule 26(f) Report.

**IT IS SO ORDERED.**

Dated: September 30, 2022

SUNSHINE S. SYKES
United States District Judge